UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>JAMES LAWRENCE SHANGREAUX, SR.,<br><br>　　　　　Defendant. | CR. 15-50136-JLV<br><br><br>ORDER |

## INTRODUCTION

Defendant James Lawrence Shangreaux, Sr., appearing *pro se*, filed a motion for compassionate release. (Docket 209). Pursuant to Amended Standing Order 20-06, the Federal Public Defender for the Districts of South Dakota and North Dakota ("FPD") and the United States Attorney for the District of South Dakota filed records, submissions and briefing on his motion. (Dockets 211-14). For the reasons stated below, defendant's motion for compassionate release is denied.

## STANDING ORDER 20-06

Amended Standing Order 20-06,[1] captioned "Establishing a Procedure for Compassionate Release Motions Under the First Step Act," put in place "a procedure for submission and consideration of compassionate release motions under the First Step Act, 18 U.S.C. § 3582(d)(l)(A), in the wake of the spread of the COVID-19 virus into the federal prison system." (ASO 20-06 at p. 1). By the amended standing order, the FPD and the United States Attorney for the

---

[1]See https://www.sdd.uscourts.gov/socraa.

District of South Dakota are "to place [the defendant] into one of four categories[.]"  Id. ¶ 4.  Those categories are:

    a.    High Priority Cases where there exists some combination of: (i) medical issues that correspond to the categories outlined in the commentary to U.S.S.G. § 1.B.1.13; (ii) recognized COVID-19 risk factors in the inmate's medical history; and/or (iii) imprisonment in a federal facility known to have a serious COVID-19 outbreak in its population. . . .

    b.    Intermediate Priority Cases where identified medical issues and/or COVID-19 risk factors and/or institutional concerns are less extreme than High Priority Cases.

    c.    Low Priority Cases where there are no identifiable medical issues or COVID-19 risk factors.

    d.    Unknown Risk Cases where there is a lack of sufficient information to categorize the request for compassionate release.

Id.  The FPD and U.S. Attorney are to "immediately report the categorization . . . to the Clerk of Court and the Probation Office."  Id.

## MR. SHANGREAUX'S CLASSIFICATION

On October 27, 2020, the FPD and the U.S. Attorney filed a notice designating Mr. Shangreaux's case as a Low Priority.  (Docket 210).

## FACTUAL BACKGROUND

Mr. Shangreaux pled guilty to felony child abuse and neglect in violation of 18 U.S.C. § 1153 and SDCL §§ 26-10-1 & 26-8A-2(1), (2), (3), & (6). (Dockets 148 & 156).  A presentence investigation report ordered by the court calculated Mr. Shangreaux's advisory guideline range as 12 to 18 months of imprisonment based on a total offense level of 11 and his criminal history

category III.  (Docket 174 ¶ 75).  The plea agreement between the parties contemplated a joint recommendation of ten years in custody in exchange for the dismissal of other charges.  Id. ¶ 77.  On May 18, 2017, the court sentenced Mr. Shangreaux to a term of imprisonment of 120 months followed by three years of supervised release.  (Dockets 179 & 181 at pp. 2-3).

Mr. Shangreaux is currently an inmate at FCI Englewood, a low security correctional facility in Littleton, Colorado.  Fed. Bureau Prisons, https://www.bop.gov/inmateloc/ (last checked Apr. 6, 2021).  The total inmate population at FCI Englewood is currently 961 persons.  https://www.bop.gov/locations/institutions/eng/ (last checked Apr. 6, 2021).  As of April 6, 2021, there was one active COVID-19 case among inmates at FCI Englewood.  https://www.bop.gov/coronavirus/ (last checked Apr. 6, 2021).  There have been no deaths as a result of COVID-19, and 640 inmates and 70 staff have recovered from COVID-19 at FCI Englewood.  Id.

Mr. Shangreaux has a scheduled release date of April 29, 2024.  (Docket 212 at p. 204).  Mr. Shangreaux has served approximately 60 percent of his statutory term, and under his current status in the Bureau of Prisons ("BOP"), Mr. Shangreaux's home detention eligibility date is October 29, 2023.  Id. at pp. 204-05.  Mr. Shangreaux is 38 years old.  https://www.bop.gov/inmateloc/ (last checked Feb. 26, 2021).

## MR. SHANGREAUX'S MOTION

Mr. Shangreaux's *pro se* motion seeks compassionate release on the basis of extraordinary and compelling circumstances in light of his confinement during the COVID-19 pandemic. (Docket 209 at pp. 1, 12-13 & 16-17). Mr. Shangreaux argues the conditions of his incarceration at FCI Englewood put him at risk for contracting COVID-19 and do not allow him to practice sanitation and social distancing recommendations. Id. at pp. 12-13 & 16. Mr. Shangreaux states he "was not convicted of a violent crime," "has not received a single incident report" and his sentence "was imposed for his failure to provide emotional, physical, and financial support to his minor son," who later died as a result of injuries inflicted by the boyfriend of the child's mother. Id. at pp. 17-18. Mr. Shangreaux claims to suffer from liver problems and pre-diabetes. Id. at p. 18. Finally, Mr. Shangreaux argues the 3553(a) factors favor his compassionate release because of the coursework and drug treatment programs he completed in custody. Id. If released, Mr. Shangreaux plans to return to his home in Pine Ridge, South Dakota, and work in construction. Id. On November 18, 2020, the FPD docketed a notice of intent not to supplement Mr. Shangreaux's *pro se* motion.

## UNITED STATES' OPPOSITION

The government opposes Mr. Shangreaux's motion for compassionate release. (Docket 214). The government argues Mr. Shangreaux's claimed liver problems and pre-diabetes are not supported by the medical records. Id.

4

at pp. 3, 9-10.  The government notes Mr. Shangreaux does not suffer from any of the risk-increasing conditions identified by the Centers for Disease Control and Prevention ("CDC").  Id. at p. 9.  Next, the government states the existence and potential spread of COVID-19 in prisons does not alone justify compassionate release.  Id. at p. 7.  The government argues Mr. Shangreaux failed to prove extraordinary and compelling reasons for his release under any of the provisions set forth under U.S.S.G. § 1B1.13, comment. notes 1(A)-(D).  Id. at pp. 10-11.  Finally, the government argues the 18 U.S.C. § 3553(a) factors weigh against granting compassionate release to Mr. Shangreaux.  Id. at p. 12.  Mr. Shangreaux "was aware his child was being reared in an injurious environment, but he failed to provide emotional, financial, and physical care," argues the government.  Id.  The child died as a result of mistreatment and serious bodily injury.  Id. at p. 13.  The government reminds the court the sentence was jointly recommended by the parties.  Id.

## ANALYSIS

### Administrative Exhaustion

Section 3582(c) permits the district court to consider a prisoner's request for compassionate release after he exhausts the administrative remedies mandated by the statute.  18 U.S.C. § 3582(c)(1)(A)(i).  Mr. Shangreaux presented a request for compassionate release to the warden on August 18, 2020.  (Docket 209-1 at pp. 10-11).  The request was denied on September 4, 2020.  Id. at p. 13.  A request for reconsideration was made by Mr.

Shangreaux, but reportedly no response was received.  Id. at p. 14.  The court concludes Mr. Shangreaux satisfied the administrative process and the court addresses the merits of his request.

### **Extraordinary and Compelling Reasons**

"Section 3582(c)(1)(A)(i) does not attempt to define the 'extraordinary and compelling reasons' that might merit compassionate release."  United States v. McCoy, 981 F.3d 271, 276 (4th Cir. 2020).  That task was left to the United States Sentencing Commission.  See 28 U.S.C. § 994(t).  Prior to the First Step Act, the Sentencing Commission established four categories for "extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."  See id.  Those categories generally focus on the defendant's age, medical condition, family situation and any other reasons the BOP deems to be extraordinary and compelling.  U.S.S.G. § 1B1.13 comment. n.1.  The four categories have not been updated since December 2018 when the First Step Act became law.[2]

The court previously surveyed the status of the law as to a court's authority under the First Step Act.  E.g., United States v. Thunder Hawk, CR. 14-50008, 2021 WL 253456, at *5 (D.S.D. Jan. 26, 2021); United States v. Magnuson, CR. 15-50095, 2020 WL 7318109, at *4-5 (D.S.D. Dec. 11, 2020);

---

[2]The United States Sentencing Commission lacks a quorum and currently has only two voting members, two short of the four it needs to amend the [U.S.S.G.]."  United States v. Marks, 455 F. Supp. 3d 17, 24 (W.D.N.Y. 2020) (references omitted).

and United States v. King, CR. 15-50050, 2020 WL 6146446, at *4-5 (D.S.D. Oct. 20, 2020).   A summary of that survey is sufficient here.

This court has held it "retains its independent authority 'to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [the court] in motions for compassionate release.' "[3]   E.g., Magnuson, 2020 WL 7318109, at *5 (quoting United States v. Brooker, 976 F.3d 228, 237 (2d. Cir. 2020)); see also McCoy, 981 F.3d at 283 ("As of now, there is no Sentencing Commission policy statement 'applicable' to the defendants' compassionate-release motions, which means that district courts need not conform, under § 3582(c)(1)(A)'s consistency requirement, to § 1B1.13 in determining whether there exist 'extraordinary and compelling reasons' for a sentence reduction."); United States v. Jones, 980 F.3d 1098, 1111 (6th Cir. 2020) ("In cases where incarcerated persons file motions for compassionate release, federal judges . . . have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13."); and United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020) (agreeing with the Second Circuit that the Guidelines Manual "does not curtail a district judge's discretion").

---

[3]The United States Court of Appeals for the Eighth Circuit had several opportunities to address this issue but declined to do so.   United States v. Vangh, 990 F.3d 1138, 1141 n.3 (8th Cir. 2021); United States v. Loggins, Jr., 966 F.3d 891 (8th Cir. 2020) and United States v. Rodd, 966 F.3d 740 (8th Cir. 2020).

7

The purpose of the First Step Act was to expand the availability of compassionate release based on judicial findings of extraordinary and compelling reasons without being restricted to those categories identified by the Sentencing Commission or the rationale used by the BOP before the passage of the First Step Act.  Despite the expanded authority under the First Step Act, the court finds Mr. Shangreaux has not met his burden of proof by presenting "extraordinary and compelling reasons" warranting a sentence reduction under § 3582(c)(1)(A)(i).

Though Mr. Shangreaux's overarching basis for his request for compassionate release relates generally to the nature and spread of COVID-19 in a custodial setting, the court has undertaken an independent review of his medical records.  Mr. Shangreaux's medical records confirm the following medical conditions:

- Periapical abscess with sinus.[4]  (Docket 212 at p. 177);
- Cannabis use disorder.  Id.;
- Stimulant related disorders.  Id.;
- Gastro-esophageal reflux disease without esophagitis.  Id.;
- Low back pain.  Id.

---

[4]A periapical abscess is a collection of pus at the root of a tooth, usually caused by an infection.  See Mayo Clinic, Tooth Abscess, https://www.mayoclinic.org/diseases-conditions/tooth-abscess/symptoms-causes/syc-20350901 (last checked on Feb. 25, 2021).

Adults of any age are at increased risk of severe illness from COVID-19 if they have certain conditions. Recently, the CDC updated its understanding of the health conditions increasing the risk from COVID-19. See People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (updated Mar. 29, 2021) (last checked Apr. 6, 2021). The CDC now states individuals with the following conditions *can* be more likely to become severely ill from COVID-19: cancer, chronic kidney disease at any stage, chronic lung diseases (including moderate to severe asthma, chronic obstructive pulmonary disease ("COPD"), cystic fibrosis, and pulmonary hypertension), dementia or other neurological conditions, diabetes (type 1 or type 2), heart conditions (such as heart failure, coronary artery disease, cardiomyopathies, or hypertension), HIV infection, immunocompromised state, liver disease, overweight and obesity, being a current or former smoker, history of stroke or cerebrovascular disease, substance use disorders (such as alcohol, opioid or cocaine use disorder) and several others. Id.

The CDC's guidance to clinicians explains: "[t]he risk of severe COVID-19 increases as the number of underlying medical conditions increases in an individual." https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html (last checked Apr. 6, 2021). Mr. Shangreaux has one condition on the CDC's list of those which can increase risk of serious illness from COVID-19—his stimulant related disorder. Medical records show

9

Mr. Shangreaux was diagnosed in late 2017 with a severe cocaine use disorder. (Docket 212 at p. 177). That condition was confirmed as recently as July 2020. Id. at pp. 169-70. Presumably, Mr. Shangreaux has not had regular access to cocaine during the last several years while he has been incarcerated. There is no indication in his records to suggest otherwise or to suggest the disorder is causing him serious or lasting health effects at this time. Mr. Shangreaux's broader concerns about incarceration during the age of COVID-19 are understandable, but his medical condition is not so "extraordinary and compelling" as to warrant compassionate release.

The court also recognizes the BOP's recent implementation of a COVID-19 vaccination program. BOP: COVID-19 Update, https://www.bop.gov/coronavirus/ (last checked Apr. 6, 2021). As of April 6, 2021, 111,887 doses have been administered by the BOP systemwide, and that number is rising. Id. At Englewood FCI, 128 staff and 41 inmates have been fully inoculated as of April 6, 2021. Id. According to the BOP, those inmates who wish to receive the vaccine will have an opportunity to do so, but

> [w]hen an institution receives an allocation of the vaccine, it is first offered to full-time staff at that location, given that staff - who come and go between the facility and the community - present a higher potential vector for COVID-19 transmission. Vaccinating staff protects fellow staff, inmates at the facility, and the community.

Id.

### **3553(a) Factors**

The court concludes the § 3553(a) factors do not support relief.  These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to reflect the seriousness of the offense, afford adequate deterrence, promote respect for the law, provide just punishment, deter criminal conduct and protect the public from further crimes of the defendant, among others.  18 U.S.C. § 3553(a)(1)-(7).  A detailed analysis of these factors is unnecessary.  Mr. Shangreaux's offense of child abuse and neglect was serious in nature and tragic in outcome.  The court sentenced Mr. Shangreaux to the jointly recommended sentence of 120 months, which the parties agreed to in the plea agreement.  Upon review of the § 3553(a) factors, the court concludes Mr. Shangreaux's current sentence is appropriate to reflect the seriousness of his offense, provide appropriate punishment, afford adequate deterrence, and protect the public from further offenses by the defendant.

### ORDER

No good cause having been proven, it is

ORDERED that defendant's motion for compassionate release (Docket 209) is denied.

Dated April 26, 2021.

BY THE COURT:
/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE
